AO 241 (Rev. 09/17)

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: District of Nebraska |
|---|---|
| Name (under which you were convicted): John Pieper | Docket or Case No.: 8:23CV9 |
| Place of Confinement: Reception and Treatment Center  P.O. Box 22800., Lincoln, Nebr. 68542-2800 | Prisoner No.: 65184 |
| Petitioner (include the name under which you were convicted)  John Pieper  v. | Respondent (authorized person having custody of petitioner)  Diane Sabatka-Rine, Interim Director  Douglas J. Peterson, Attorney General |
| The Attorney General of the State of: | |

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

    Lancaster County District Court

    575 S. 10th. Str.

    Lincoln, Nebraska, 68508

    (b) Criminal docket or case number (if you know): CR04-904

2. (a) Date of the judgment of conviction (if you know): December 12th. 2006

    (b) Date of sentencing: December 12th. 2006

3. Length of sentence: 20 years unless loss of good time

4. In this case, were you convicted on more than one count or of more than one crime?  ☒ Yes  ☐ No

5. Identify all crimes of which you were convicted and sentenced in this case:

    Assault In the First Degree: § 28-308 F-III

    False Imprisonment in the First Degree: § 28-314 F-III-A

6. (a) What was your plea? (Check one)

    ☒ (1) Not guilty    ☐ (3) Nolo contendere (no contest)

    ☐ (2) Guilty        ☐ (4) Insanity plea

AO 241 (Rev. 09/17)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? ___xx___

(c) If you went to trial, what kind of trial did you have? (Check one)

☒ Jury ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☒ Yes ☐ No

8. Did you appeal from the judgment of conviction?

☒ Yes ☐ No

9. If you did appeal, answer the following:

(a) Name of court: Supreme Court of Nebraska
(b) Docket or case number (if you know): S-07-057  274 Neb. 768
(c) Result: Affirmed
(d) Date of result (if you know): January 4, 2008
(e) Citation to the case (if you know): State v. Pieper, 274 Neb. 768 (2008)
(f) Grounds raised: (1) failing to grant his motion for new trial (2) admitting tape recordings, without playing the tapes during trial (3) ineffective counsel for failing to grant for a new trial, (4) failing to conclude that the habitual criminal statute violates the Double Jeopardy Clause, and (5) imposing excessive sentences

(g) Did you seek further review by a higher state court? ☒ Yes ☐ No

If yes, answer the following:

(1) Name of court: United States Court for District of Nebraska
(2) Docket or case number (if you know): 4:09CV3260
(3) Result: Dismissed with prejudice

AO 241 (Rev. 09/17)

(4) Date of result (if you know): August 31, 2010

(5) Citation to the case (if you know): 4:09-cv-03260-RGK-PRSC DOC #29

(6) Grounds raised: GROUNDS #1: Denied Due Process of law (2) Ineffective counsel; (3) Appellate counsel was ineffective; (4) Habitual Criminal violates the Double Jeopardy Clause.

(h) Did you file a petition for certiorari in the United States Supreme Court? ☒ Yes ☐ No

If yes, answer the following:

(1) Docket or case number (if you know): 10-11124

(2) Result: Dismissed

(3) Date of result (if you know): Oct. 3, 2011

(4) Citation to the case (if you know): 132 S.Ct. 217

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court? ☒ Yes ☐ No [Factual Predicate on Nov. 29, 2018]

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: Lancaster County District Court, Lincoln, Nebraska

(2) Docket or case number (if you know): CR04-904

(3) Date of filing (if you know): January 24, 2019

(4) Nature of the proceeding: Nunc Pro Tunc

(5) Grounds raised: Clerical error to correct the Commitment to that of the oral pronouncement [Ex.(18)(a,b,c,d,e)], a 20 year sentence. The motion was denied on Feb. 14th, 2019. That legal mail was taken by NDCS. Filed for progression hearing, and that was dismissed stating that there was an order sent to dismiss on Feb. 14th, 2019. Months later, and on a response to a grievance, then by the records administrator, both are now using the Feb. 14th, 2019, that petitioner (order) never received as a new Order of Sentence Order, and dismissing the original Order of Sentence by the judge [ex.(4) Attachment]

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes ☒ No

(7) Result: Dismissed without a hearing

AO 241 (Rev. 09/17)

(8) Date of result (if you know): Feb. 14th, 2019 (March 15, 2019 Progression hearing)

(b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court: Lancaster County District Court

    (2) Docket or case number (if you know): CI19-311

    (3) Date of filing (if you know): Jan. 24th, 2019

    (4) Nature of the proceeding: Declaratory Judgment and Injunctive relief

    (5) Grounds raised: The oral pronouncement of 20 years. [See Attached Exhibits (19)(a)] The Answer Motion back by the Assistant Attorney General in Ex. (b), admitted in Number 6 paragraph "plaintiff sentenced to not less than ten nor more than ten years on each count, to be consecutively." Petitioner then filed a motion to Compel the Dept. of Corrections to correct the judgment [Ex. (c)]; This motion was never answered.

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

       ☐ Yes  ☒ No

    (7) Result: ?

    (8) Date of result (if you know): ?

(c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court: Lancaster County District Court

    (2) Docket or case number (if you know): CI20-927

    (3) Date of filing (if you know): March 19, 2020

    (4) Nature of the proceeding: Writ of Mandamus [Ex. (20)(a)]

    (5) Grounds raised: The oral pronouncement is of 20 years to mandatory discharge, and not the 30 years that NDCS changed it to on the computor (a must do 30 years)

Order of dismissal of Ex. (20)(b).

AO 241 (Rev. 09/17)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes ☒ No

(7) Result: _Dismissed_

(8) Date of result (if you know): _June 16th, 2020_

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition: ☐ Yes ☒ No

(2) Second petition: ☐ Yes ☒ No

(3) Third petition: ☐ Yes ☒ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_These Motions became part of Successive Postconviction appeal: CaseId: A-20-0573; and State Habeas Corpus petition appeal: CaseId: A-21-0743_

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:** _[All grounds for relief are attached: Memorandum Support (B)]_

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_[Memorandum Support (A) "Summary of Argument",]_
_- Factual Predicate, State Impediment -_
_November 29, 2018_

(b) If you did not exhaust your state remedies on Ground One, explain why: _Exhausted._

AO 241 (Rev. 09/17)

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes ☒ No

(2) If you did not raise this issue in your direct appeal, explain why: Initial direct Appeal State v. Pieper, 274 Neb. 768, (2008) did not have the same grounds. It wasn't until November 29, 2018 did the grounds of today became aware of.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Successive Postconviction and petition for habeas corpus

Name and location of the court where the motion or petition was filed:

Lancaster County District Court in Nebraska

Docket or case number (if you know): CR04-904, and Appeal: A-20-0573

Date of the court's decision: CI 21-2990, and Appeal: A-27-0743

Result (attach a copy of the court's opinion or order, if available): Dismissed

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☒ No

(4) Did you appeal from the denial of your motion or petition? ☒ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☒ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Nebraska Court of Appeals, the further Review to the Supreme Ct. of Nebraska.

Docket or case number (if you know): A-20-0573, Postconviction A-27-0743 State habeas

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(F)(a) Memorandum Support: Postconviction Appeal dismissed Order

(F)(b) Memorandum Support: State Habeas Corpus Appeal dismissed Order

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

AO 241 (Rev. 09/17)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: _all grievance procedures, wrote NDCS Director, Mandamus, Nunc Pro tunc, successive post conviction, and habeas corpus on a State level_

**GROUND TWO:** _Memorandum Support (B) Pg. 1, 2_

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_See Memorandum Support (B) Pg. 2_

(b) If you did not exhaust your state remedies on Ground Two, explain why: _exhausted_

(c) **Direct Appeal of Ground Two:** [After November 29th, 2018]

    (1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes ☒ No

    (2) If you did not raise this issue in your direct appeal, explain why: _The initial direct appeal was in 2008, and this Ground didn't exist until November 29th, 2018._

(d) **Post-Conviction Proceedings:** _Successive Post, and State Habeas Corpus._

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

    ☒ Yes ☐ No

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition: _Successive Post, and State Habeas Corpus_

    Name and location of the court where the motion or petition was filed: _Lancaster County District Court, Lincoln, Nebraska._

    Docket or case number (if you know): _CR04-904, State Habeas CI21-2990_

AO 241 (Rev. 09/17)

Date of the court's decision: _Don't have such order_

Result (attach a copy of the court's opinion or order, if available): _Dismissed_

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☒ No
(4) Did you appeal from the denial of your motion or petition? ☒ Yes ☐ No
(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☒ Yes ☐ No
(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _Nebraska Court of Appeals_

Docket or case number (if you know): _A-20-0573_

Date of the court's decision: _March 22, 2021_

Result (attach a copy of the court's opinion or order, if available): _Memorandum Support (F)(a) Court of Appeals Nebr.; Further Review Order, Memorandum Support (F)(b)._

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: _State Habeas [Memorandum Support (G)(a) Lancaster County District Court Aug 27, 2021 dismissed order]; [Memorandum Support (G)(b) Court of Appeals order dismissing appeal, 3-9-22] [Further Review, Supr. Ct. (G)(c) denied order.]_

**GROUND THREE:** _Memorandum Support (B) Pg. 2, 3_

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): _Unconstitutional rule as applied, and on its face_

Page 9 of 16

AO 241 (Rev. 09/17)

(b) If you did not exhaust your state remedies on Ground Three, explain why: yes, grievances, and State Habeas Corpus [Did Exhaust Remedy]

(c) **Direct Appeal of Ground Three:**

    (1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes ☒ No

    (2) If you did not raise this issue in your direct appeal, explain why: The claim did not arise until November 29th, 2018

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        ☒ Yes ☐ No

    (2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Grievances, and State Habeas Corpus

Name and location of the court where the motion or petition was filed:

Lancaster County District Court, Lincoln, Nebr.

Docket or case number (if you know): CI21-2990

Date of the court's decision: Aug. 27th, 2021

Result (attach a copy of the court's opinion or order, if available): Memorandum Support (G)(a)

    (3) Did you receive a hearing on your motion or petition? ☐ Yes ☒ No
    (4) Did you appeal from the denial of your motion or petition? ☒ Yes ☐ No
    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☒ Yes ☐ No
    (6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Court of Appeals Neb.

Docket or case number (if you know): A-27-0743

Date of the court's decision: 3-9-2022

Result (attach a copy of the court's opinion or order, if available): Memorandum Support (G)(b) Court of Appeals; Memorandum Support (G)(c) Further review denied.

AO 241 (Rev. 09/17)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:** Memorandum Support (B) (Pg. 3,4)

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Above Pgs 3,4

(b) If you did not exhaust your state remedies on Ground Four, explain why: exhausted

(c) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes ☒ No

(2) If you did not raise this issue in your direct appeal, explain why: The custody, and how carried out could not have been known

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
☒ Yes ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: State Postconviction, and State Habeas Corpus

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed: **Lancaster County District Ct.**

Docket or case number (if you know): **CI-21-2990 (Habeas)   Post Conviction CR04-904**

Date of the court's decision: **Aug. 27, 2021**

Result (attach a copy of the court's opinion or order, if available): **(Habeas) Memorandum Support (G)(a)**

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☒ No

(4) Did you appeal from the denial of your motion or petition?  ☒ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☒ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: **Neb. Court of Appeals, and Further Review Court**

Docket or case number (if you know): **A-27-0743**

Date of the court's decision: **3-9-22 Court of Appeals,   Aug. 3, 2022 Further Review**

Result (attach a copy of the court's opinion or order, if available):

**Memorandum Support (G)(b), (c).**

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: **Grievances, and Successive Post conviction Appeal (Memorandum Support (F)(a), (b) order's, and no direct proceeding.**

AO 241 (Rev. 09/17)

13. Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction? ☒ Yes ☐ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: _____

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

exhausted

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? ☒ Yes ☐ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. United States Court for the District of Nebraska, 4:09cv3260; Grounds (1). Denied Due Process of Law (2) Ineffective Assistance of Counsel. (3) Appellate counsel was ineffective; (4) Habitual criminal violates the Double Jeopardy Clause.

• Dismissed with prejudice

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? ☐ Yes ☒ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

Page 13 of 16

AO 241 (Rev. 09/17)

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: _____

(b) At arraignment and plea: Tom Wilson #16960  Wilson Law Offices, 6201 South 58th. Str. #C, Lincoln, Nebr. 68516-3678  402-421-6360

(c) At trial: _____

(d) At sentencing: ⎤ Jessica L. Milburn #21982  Federal Public Defender's Office
  ⎥ 100 Centennial Mall North #112  Lincoln Neb, 68508
(e) On appeal: ⎦ (402) 221-7820

(f) In any post-conviction proceeding: _____

(g) On appeal from any ruling against you in a post-conviction proceeding: _____

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?  ☐ Yes  ☒ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:
_____

(b) Give the date the other sentence was imposed: _____

(c) Give the length of the other sentence: _____

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?  ☐ Yes  ☒ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

Beyond petitioner's control, the one-year statute of limitations under 28 U.S.C. §2244(d)(1), the Nebraska Department of Correctional Services altered petitioner's terms of imprisonment in a predicated fact covered under §2254(e)(2),(a)(ii), on November 29th, 2018! Petitioner requests for equitable tolling due to extraordinary circumstances that couldn't have been discovered anytime before that date above,,

Page 14 of 16

AO 241 (Rev. 09/17)

is depriving petitioner from his liberty. Provided in part, petitioner asserts that he is under the provision of 28 U.S.C. § 2244(d)(1),(B) when the State impediment created for an enhanced sentence to a now 32 flat years before his mandatory discharge, is very significant if known before hand on a previous petition and, as discovered after, renders the judgment void or voidable if counsel, and the court on lack of subject matter jurisdiction would have known the guidelines according to what petitioner was subjected to. Counsel's ineffectiveness was detrimental as much as NDCS, and the enhancement to a 32 flat year judgment on Nov. 29, 2018, when the oral pronouncement, and Order of Sentence Order set forth objectives to reflect the exact custody, and sentence of 20 years to parole and 20 years to mandatory discharge if no loss of good time. A phone call on the above date placed to NDCS provided misrepresentation, arbitrary discretion and in turn a capricious act in violation of petitioner's due process when liberty is at stake. A phone call, and the altered prison terms contrary to the Order of Sentence is "circumstances which stood in petitioner's way and prevented a timely filing." See Finch v. Miller, 491 F.3d 424, at 427 (8th. Cir. 2007). Since the above date, petitioner has exhausted many petitions and motions in the State court, and all have refused to even acknowledge the judgment of conviction signed by the Judge "de novo review, rather than AEDPA's deferential standard, is applicable to a claim that the State Court did not reach on the merits." See Lewis v. Mayle, 391 F.3d 989, at 996 (CA9 2004), a ten nor more than 10 yrs on two counts; consecutively is the "Order of Sentence Order" (20 yrs). See (I) Memorandum Support, Attached....

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

    (1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

        (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

        (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 09/17)

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: Relief by vacate, set aside, correct the sentence, or immediate discharge from State custody when such custody upon the written Judgment of Conviction, and Oral pronouncement are defective on statutory authority under the habitual Criminal; the must procedural law thereof.
or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on Dec. 25, 2022 (month, date, year).

Executed (signed) on 12-25-2022 (date).

_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

_____
_____
_____

Page 16 of 16

AO 241 (Rev. 09/17)

# Petition for Relief From a Conviction or Sentence
## By a Person in State Custody

**(Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus)**

### Instructions

1. To use this form, you must be a person who is currently serving a sentence under a judgment against you in a state court. You are asking for relief from the conviction or the sentence. This form is your petition for relief.

2. You may also use this form to challenge a state judgment that imposed a sentence to be served in the future, but you must fill in the name of the state where the judgment was entered. If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file a motion under 28 U.S.C. § 2255 in the federal court that entered the judgment.

3. Make sure the form is typed or neatly written.

4. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

5. Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit any legal arguments, you must submit them in a separate memorandum. Be aware that any such memorandum may be subject to page limits set forth in the local rules of the court where you file this petition.

6. You must pay a fee of $5. If the fee is paid, your petition will be filed. If you cannot pay the fee, you may ask to proceed in forma pauperis (as a poor person). To do that, you must fill out the last page of this form. Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you. If your account exceeds $ _____ , you must pay the filing fee.

7. In this petition, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different court (either in the same state or in different states), you must file a separate petition.

8. When you have completed the form, send the original and ____ copies to the Clerk of the United States District Court at this address:

    Clerk, United States District Court for
    Address
    City, State Zip Code

    If you want a file-stamped copy of the petition, you must enclose an additional copy of the petition and ask the court to file-stamp it and return it to you.

9. **CAUTION:** You must include in this petition all the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

10. **CAPITAL CASES:** If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel.

Page 1 of 16

Clerk of the United States District Court,

Enclosed for the Court:

1. Petition Under 28 U.S.C. § 2254 Writ of Habeas Corpus Form
   (Blue Paper)
2. Memorandum Support for Petition Form
   (blue paper)
3. Motion To proceed In Forma Pauperis, & Affidavit In Support of Motion to proceed In Forma pauperis; plus 6 month Account Balance
   (Blue Paper)
4. Extension For Brief In support of and exhibits thereof on Petition Under 28 U.S.C. § 2254
   (Blue Paper)
5. Appointment of Counsel
   (Blue Paper)
6. Motion To Vacate, Set Aside, or Correct the Sentence

RECEIVED
JAN - 6 2023
U.S. DISTRICT COURT
CLERK

Inmate Name: John Pieper (First) (Last)
Inmate #: 65184
P.O. Box 22800
Lincoln, NE 68542-2800

Notice: This correspondence was mailed from an institution operated by the Nebraska Department of Corrections. Its contents are uncensored.

NEOPOST
01/04/2023
US POSTAGE $007.75⁰
ZIP 68522
041M10274603





United States District Court Clerk "Denice Lucks"
Roman L. Hruska U.S. Court House
111 South 18th Plz. 1152
Omaha Nebraska 68102

RECEIVED
JAN - 6 2023
CLERK
U.S. DISTRICT COURT