IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOHN PIEPER,<br><br>Petitioner,<br><br>vs.<br><br>DIANE SABATKA-RINE, Interim Director;<br><br>Respondent. | 8:23CV9<br><br>MEMORANDUM AND ORDER |

Petitioner filed a Petition for Writ of Habeas Corpus, Filing No. 1, a Motion for Leave to Proceed in Forma Pauperis (the "IFP Motion"), Filing No. 2, a Motion to Appoint Counsel, Filing No. 4, a Motion to Vacate, Set Aside, or Correct the Sentence (the "Motion to Vacate"), Filing No. 7, and two motions to extend time to file a brief in support of his Petition (the "Motions to Extend"), Filing No. 6 & Filing No. 8.  For the reasons set forth below the IFP Motion will be granted, the Motion to Appoint Counsel shall be denied without prejudice, and the Motions to Vacate and Extend will be denied without prejudice as premature.

I. IFP Motion

Habeas corpus cases attacking the legality of a person's confinement require the payment of a $5.00 filing fee.  28 U.S.C. § 1914(a).  However, after considering Petitioner's financial status as shown in the records of this Court, see Filing No. 2 & Filing

No. 3, leave to proceed in forma pauperis will be granted and Petitioner is relieved from paying the filing fee. See 28 U.S.C. § 1915(a)(1).

## II.    Motion to Appoint Counsel

Petitioner seeks appointment of counsel arguing that appointment is appropriate as he is unable to pay for private counsel, and as "counsel would be sufficiently better as litigator over correct motions and actions to secure preliminary evidence . . . [and] could effectively help with the personal jurisdiction over [P]etitioner." Filing No. 4 at 1.

"[T]here is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment] is committed to the discretion of the trial court." *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997). As a general rule, counsel will not be appointed unless the case is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required. *See, e.g.*, *Morris v. Dormire*, 217 F.3d 556, 558–59 (8th Cir. 2000), cert. denied, 531 U.S. 984 (2000); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994). *See also* Rule 8(c) of the *Rules Governing Section 2254 Cases in the United States District Courts* (requiring appointment of counsel if an evidentiary hearing is warranted).

The Court has carefully reviewed the record and finds there is no need for the appointment of counsel at this time.

## III.    Motions to Vacate and to Extend

Once a filing fee has been paid or an IFP motion has been approved, the next step in this case is for the Court to conduct a preliminary review of the habeas corpus petition in accordance with Rule 4 of the Rules Governing Section 2254 cases, which is conducted in the Court's normal course of business. Once a preliminary review has been completed,

if the case or portions thereof are deemed able to proceed, the Court will enter an order allowing Respondent to file a motion for summary judgment or state court records in support of an answer, after which Petitioner shall have a time certain to file a responsive brief, and after briefing is complete, the Court will have the opportunity to address the relief sought in the Petition and in the Motion to Vacate.

As the Court has not yet performed a preliminary review, no time has been set for Petitioner to file a brief in support of his Petition or any other responsive pleading, and the Court is unable to determine if Petitioner is entitled to the relief sought in the Motion to Vacate. Therefore, Petitioner's Motions to Extend and Motion to Vacate are denied as premature.

IT IS THEREFORE ORDERED that:

1. Petitioner's IFP Motion, Filing No. 2, is granted.

2. Petitioner's request for the appointment of counsel, Filing No. 4, is denied without prejudice to reassertion.

3. Petitioner's Motions to Extend, Filing No. 6 & Filing No. 8, and Motion to Vacate, Filing No. 7, are denied without prejudice as premature.

4. Petitioner is advised that the next step in this case will be for the Court to perform a preliminary review of his Petition to determine if his claims are potentially cognizable in federal court. This review will be done in the Court's normal course of business.

Dated this 6th day of February, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Court

4