IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOHN PIEPER, | |
| Petitioner, | 8:23CV9 |
| vs. | |
| ROB JEFFREYS, | MEMORANDUM AND ORDER |
| Respondent. | |

Petitioner John Pieper filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on January 6, 2023, challenging the judgment of conviction and sentencing entered by the Lancaster County District Court on December 12, 2006. Filing No. 1 at 1. Before the Court are the following motions filed by Petitioner: two motions for stay (the "Motions for Stay"), Filing No. 15, Filing No. 16, a motion to "authorize" this Court to consider a successive habeas petition (the "Motion for Authorization"), Filing No. 19, a motion for preliminary injunction, Filing No. 20, and a motion to expand the records, Filing No. 21. The Respondent has also filed a motion seeking an extension of time in which to file the record and to either file an answer or responsive pleading (the "Motion for Extension"). Filing No. 22.

As an initial matter, Petitioner's motions to expand the record and for injunctive relief are premature. As the record has not yet been filed, there is, as of now, no record

to "expand."[1] In relation to his motion for injunction, Petitioner seeks a permanent injunction "restraining the continuation of [Petitioner's] State custody" arguing his continued incarceration is wrongful due to the state court's lack of jurisdiction to enforce his continued custody. Filing No. 20 at 1. Habeas, not injunctive relief, is the appropriate path for resolution of such a matter. See Smith v. Bacon, 699 F.2d 434, 437 (8th Cir. 1983), Since Petitioner has filed the instant habeas Petition, injunctive relief is not appropriate at this time. As such, the Petitioner's motion to expand the record, Filing No. 21, and motion for preliminary injunction, Filing No. 20, shall be denied without prejudice as premature.

Petitioner's Motions for Stay and the Motion for Authorization, as well as Respondent's Motion for Extension, all relate to Petitioner's uncertainty as to whether his instant Petition is successive under 28 U.S.C. § 2244(b)[2] and therefore cannot proceed. Petitioner has already sought federal habeas corpus review challenging the judgment of conviction and sentencing entered by the Lancaster County District Court on December 12, 2006, in Case No. 4:09-CV-3260 ("*Pieper I*"), resulting in dismissal of the petitioner in *Pieper I* on the merits on August 31, 2010, with prejudice. Filing No. 19 at 1; See *Pieper I*, Filing Nos. 1 and 29. Because it appears Petitioner is once again challenging the same judgment and conviction as in *Pieper I*, this Court has reason to be concerned that the

---

[1] If, after Respondent files the relevant state court records, Petitioner requires additional records, then he may file a motion requesting additional documents in accordance with the Court's progression order. See Filing No. 11 at 4, 6.

[2] The Court notes that Respondent's Motion for Extension is sought in part due to Petitioner's apparent request to the Eighth Circuit for permission to file a successive petition but is also requested due to counsel for Respondent needing additional time to file a response due to scheduling and personal matters. See Filing No. 22.

2

present action constitutes a "second or successive petition" that is subject to the restrictions imposed by 28 U.S.C. § 2244(b).

Section 2244(b), which was enacted as part of the Anti-terrorism and Effective Death Penalty Act ("AEDPA"), provides as follows:

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A) **Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.**
>
> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three judge panel of the court of appeals.
>
> (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
>
> (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.

>(E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.
>
>(4) A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.

28 U.S.C. § 2244(b) (emphasis added).

While Petitioner is correct that permission is required to file successive petitions, the statute plainly states that a federal district court cannot entertain a "second or successive" habeas corpus petition filed by a person in state custody *unless the federal circuit court of appeals has expressly authorized that person to file another habeas petition*. Burton v. Stewart, 549 U.S. 147, 157 (2007) (emphasis added); *see also* Cox v. Norris, 167 F.3d 1211, 1212 (8th Cir.1999). Moreover, if a petitioner files a second or successive habeas petition without a preauthorization order from the Court of Appeals, the action must be summarily dismissed by the district court for lack of jurisdiction. *See* Tompkins v. Sec'y, Dept. of Corr., 557 F.3d 1257, 1259 (11th Cir.) ("Section 2244(b)(3)(A) requires a district court to dismiss for lack of jurisdiction a second or successive petition for a writ of habeas corpus unless the petitioner has obtained an order authorizing the district court to consider it."), *cert. denied,* 555 U.S. 1161 (2009).

It is therefore clear that <u>if</u> Petitioner's current habeas corpus Petition is indeed a second or successive petition, it is the Eighth Circuit, and not this Court, that may allow it to proceed. For this reason, Petitioner's Motion for Authorization, Filing No. 19, must be denied.

4

To the extent Petitioner's Motions for Stay, Filing Nos. 15 and 16, seek a stay of the case to allow this Court to determine if Petitioner's Petition may proceed here,[3] such a stay is also unnecessary. Successive petition issues are frequently addressed by the parties in their briefing or dispositive motions in this jurisdiction. *See e.g.* Ebert v. Clarke, 320 F. Supp. 2d 902, 906 n.9 (D. Neb. 2004) (recognizing attorney general's practice in § 2254 cases of filing motions to dismiss after respondent ordered on initial review to answer or otherwise respond, including motions to dismiss based on successive petition grounds). There is no need to stay the case to allow this Court to decide as to whether the Petition is successive without the benefit of the full record when the parties are better suited to make such arguments. The Motions for Stay, Filing Nos. 15 and 16, are therefore denied.

However, although Petitioner did not inform the Court, Respondent indicates in his Motion for Extension that Petitioner recently filed a motion for permission to file a successive habeas petition in the Eighth Circuit Court of Appeals. Filing No. 22 at 1 (referencing *Pieper v. Jeffreys*, Case No. 23-2883). Respondent seeks an extension of the deadline to file an answer or responsive pleading due to his counsel's workload and other personal matters, and the pending matter before the Eighth Circuit, arguing it "makes sense to wait and see how the Eighth Circuit rules on Petitioner's motion, since that may be dispositive of this case." Upon consideration, due to Petitioner's pending motion for permission to file a successive habeas petition before the Eighth Circuit, the resolution of which may determine the ultimate outcome of this case, as well as counsel

---

[3] While the Court determined that Petitioner's claims are "potentially" cognizable, Petitioner is correct in pointing out that the Court did not make any findings regarding whether his Petition is barred from review as successive in its progression order. Filing No. 19 at 5.

for Respondent's workload and personal matters, the Court shall grant the Motion for Extension.

IT IS THEREFORE ORDERED that:

1. Petitioner's Motions for Stay, Filing No. 15 and Filing No. 16, the Motion for Authorization, Filing No. 19, and the Motion to expand the record, Filing No. 21, are denied without prejudice.

2. Respondent's Motion for Extension, Filing No. 22, is granted, and the deadline for Respondent's answer or responsive pleading is stayed until further order of the Court. The Court shall set a deadline following the Eighth Circuit's resolution of Petitioner's motion for permission to file a successive habeas petition. Respondent shall file a written report advising the Court as to the status of the Eighth Circuit Court as soon as the proceedings resolve or no later than October 2, 2023, whichever is sooner.

3. The Clerk's Officer is instructed to terminate the August 20, 2023, case management deadline for motion for summary judgment or state court records in support of an answer.

4. The Clerk of Court is directed to set a pro se case management deadline using the following text: **October 2, 2023**: Respondent's status report due.

Dated this 1st day of September, 2023.

BY THE COURT:

*/s/ Joseph F. Bataillon*

Joseph F. Bataillon
Senior United States District Court

6