IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOHN PIEPER,<br><br>Petitioner,<br><br>vs.<br><br>ROB JEFFREYS,<br><br>Respondent. | 8:23CV9<br><br>MEMORANDUM AND ORDER |

This matter is before the Court upon Respondent's Motion to Dismiss and brief in support, Filing Nos. 36 and 37, seeking dismissal of a habeas petition filed by Petitioner John Pieper ("Petitioner") pursuant to 28 U.S.C. § 2254 (the "Petition"), Filing No. 1. Petitioner opposes the Motion to Dismiss (the "Opposition"), Filing No. 40, and Respondent replied in support (the "Reply"), Filing No. 42. The Motion to Dismiss is fully briefed and ripe for review. Also before this Court is Petitioner's motion seeking release from incarceration while this matter is pending (the "Motion for Release"). Filing No. 43.

For the reasons that follow, Respondent's Motion to Dismiss, Filing No. 36, and Petitioner's Motion for Release, Filing No. 43, shall be denied without prejudice.

## I. THE MOTION FOR RELEASE

In his Motion for Release Petitioner lists several alternative methods he believes this Court should utilize to release him from incarceration while this matter is pending. Specifically Petitioner submits the following alternative bases for relief: issuance of an

order releasing him from incarceration, declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202, issuance of a "personal recognizance appeal bond" pursuant to Federal Rule of Civil Procedure 62(d) and Federal Rules of Appellate Procedure 7 and 8(b),[1] or issuance of a "prohibitory/preliminary or preventative injunction" pursuant to 28 U.S.C. § 1615(a), 28 U.S.C §§ 2283 and 2284, and "Rule 65" while this matter remains pending. *Id.*

In support, Petitioner appears to argue that under the judgment of sentence issued in 2006 his "mandatory discharge date" was July 12, 2024, and although he has served his "20 year judgement," he remains incarcerated due to an unconstitutional "enhancement" to his sentence made by the Nebraska Department of Corrections in 2018. Petitioner appears to argue that the remedy for the state's failure to release him after completion of his sentence is an issuance of an injunction (apparently enjoining the state from continuing to hold him under what he deems is a sentence enhancement), an appeal bond, or an order from this Court mandating his immediate release. *Id.* at 1–3.

Federal Rules of Civil Procedure 62(d) and Federal Rules of Appellate Procedure 7 and 8(b) are wholly inapplicable to this matter. Federal Rule of Civil Procedure 62(d) addresses the issuance of an injunction pending appeal, *see e.g. Galbraith v. Hooper*, No. CV 19-181-JWD-EWD, 2022 WL 1178508, at *1 (M.D. La. Apr. 20, 2022) (discussing the applicability of Rule 62(d) to determining whether to permit a stay of a petitioner's release on his own recognizance or with bond pending the appeal of a federal court's decision to grant habeas relief), and Federal Rule of Appellate Procedure 7 addresses

---

[1] It appears that Petitioner may have listed Federal Rule of Appellate Procedure 7.8(b) instead of Rules 7 and 8(b). However, the Federal Rules of Appellate Procedure do not contain a Rule 7.8. As such the Court considers Rules 7 and 8(b) here.

issuance of a bond for costs on appeal. However, no appeal regarding whether Petitioner should be released (pending this Court's ultimate determination of whether he is entitled to habeas relief) is at issue here. Federal Rule of Appellate Procedure 8(b) addresses appellate procedure concerning a proceeding against a surety, which again is not at issue in the action before this Court.

U.S.C §§ 2283 and 2284 are also inapplicable. Section 2283 governs stays of state court proceedings, but states that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." First, it is unclear what state court proceedings (or judgment) Petitioner seeks to stay (if any) as it is unclear how the action allegedly undertaken by the Nebraska Department of Corrections enhancing his sentence occurred. And even if such a judgment existed, § 2283 applies to enforcement of judgments issued by this Court. As this Court has not issued any judgment in Petitioner's case, there is no judgment for this Court to enforce. Clearly none of the other basis for such a stay outlined in Section 2283 apply here as such action is not expressly authorized by Congress nor does this Court seek a jurisdictional aid. 28 U.S.C § 2284 also does not apply as there has been no act of Congress requiring a three-judge panel or a challenge to the "constitutionality of the apportionment of congressional districts or the apportionment of any statewide legislative body" in this case.

Petitioner also references Federal Rule of Civil Procedure 65 governing injunctions and restraining orders. A temporary restraining order or preliminary injunction brought under Rule 65 should not issue unless the movant can demonstrate the following:

> (1) a likelihood of success on the merits; (2) that irreparable harm would occur if a stay is not granted; (3) that the potential harm to the movant outweighs the harm to the opposing party if a stay is not granted; and (4) that the granting of the stay would serve the public interest.

*Bongabong v. Ridge*, No. CIV.04-1116(JNE/JSM), 2004 WL 523988, at *2 (D. Minn. Mar. 11, 2004) (citing *Sofinet v. INS*, 188 F.3d 703, 706 (7th Cir.1999)). Presuming that Rule 65 would allow this Court to enjoin or restrain the Nebraska Department of Corrections (or the state courts if applicable), it is not at all clear from the pleadings in this matter whether Petitioner would succeed on the merits of his challenge to his "enhanced" sentence. As such, issuance of an injunction or restraining order under Rule 65 is not appropriate.

Finally, 28 U.S.C. § 1651(a) allows this Court to issue any writs "necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." To the extent Petitioner seeks a writ of injunction, whatever the ultimate merits of his claims, again, his entitlement to relief is not "indisputably clear," which is required for issuance of such a writ. *Hobby Lobby Stores, Inc. v. Sebelius*, 568 U.S. 1401, 1403 (2012) (citing *Lux v. Rodrigues*, 561 U.S. 1306, 1306–07 (2010) (internal quotation marks omitted).

As none of the bases under which Petitioner claims he is entitled to relief apply, the Motion for Release, Filing No. 43, is denied without prejudice.

## II.  THE MOTION TO DISMISS

**A. Factual Background and Relevant Procedural History**

Petitioner is a Nebraska inmate serving a sentence of imprisonment for his 2006 convictions of first-degree assault and first-degree false imprisonment. *See State v. Pieper*, 743 N.W.2d 360 (Neb. 2008). In 2009, Petitioner filed a federal petition for writ of

habeas corpus (the "First Federal Habeas) challenging his state court judgment of convictions, alleging due process claims relating to the trial process, multiple ineffective assistance of counsel claims relating to the trial process, trial court plain error relating to denials of motions for mistrial and new trial, an as-applied challenge to Nebraska's habitual criminal statute, and claims of ineffective assistance of appellate counsel, including a claim that Petitioner's counsel failed to argue that Petitioner should not have been sentenced as a habitual criminal. *Pieper v. Houston*, No. 4:09-cv-03260-RGK-PRSE (D. Neb.) (Filing No. 1, Dec. 22, 2009, habeas petition). On August 31, 2010, the First Federal Habeas was dismissed with prejudice. *See Pieper v. Houston*, No. 4:09-CV-3260, 2010 WL 3491363, at *8 (D. Neb. Aug. 31, 2010). Petitioner appealed to the Eighth Circuit, and then after his appeal was denied, petitioned for certiorari to the United States Supreme Court, which was also denied. *See Pieper v. Houston*, 565 U.S. 868 (2011).

Over ten years later, Petitioner filed the instant Petition brought pursuant to 28 U.S.C. § 2254. Filing No. 1. Petitioner alleges the instant Petition is not a challenge to his 2006 conviction or sentence, but instead is a challenge to what Petitioner describes as an unconstitutional change or "enhancement" to his 2006 sentence made by the Nebraska Department of Corrections in 2018, resulting in him remaining incarcerated longer than his 20-year 2006 original sentence. *Id.* at 1; Filing No. 40 at 1–2.

On June 16, 2023, this Court performed a preliminary review of the Petition including an order progressing the case (the "Preliminary Review and Progression Order"). Filing No. 11. In the Preliminary Review and Progression Order this Court construed Petitioner's claims in the Petition as follows: (1) Eighth, Thirteenth, and

5

Fourteenth Amendment violations arising from the Nebraska Department of Corrections' enhancement of Petitioner's sentence in 2018 without a hearing; (2) Fourteenth Amendment due process violation arising from a statutory sentence enhancement applied without a hearing; (3) ineffective assistance of counsel for failure to object to the 2018 sentence enhancement; (4) sentencing court plain error/due process violations for applying a sentence enhancement that did not match the intended sentence of 20 years; (5) an as-applied challenge to the Nebraska Habitual Criminal act; and (6) violations of "fundamental and substantive constitutional rights" for denial of "full time credit for all time served prior to sentencing and enforcement of the 20-year oral and written sentence." *Id.* at 1–3. The Court allowed the Petition to proceed, and Respondent was ordered to file a motion for summary judgment or state court records in support of an answer to the Petition by July 31, 2023. *Id.* at 3.

Prior to the expiration of Respondent's July 31 deadline, Petitioner filed two motions for stay (the "Motions for Stay"), Filing Nos. 15 and 16, and a motion to "authorize" this Court to consider a successive habeas petition (the "Motion for Authorization"), Filing No. 19, all relating to Petitioner's uncertainty as to whether the instant Petition is successive under 28 U.S.C. § 2244(b).[2] Although Petitioner had not informed this Court previously, it was apparent from the Motions for Stay that Petitioner had also filed a motion seeking authorization from the Eighth Circuit which would allow this Court to consider the Petition if the Petition were found to be second or successive.

---

[2] The Court notes that Respondent sought an extension to comply with the Preliminary Review and Progression Order in part due to Petitioner's apparent request to the Eighth Circuit for permission to file a successive petition (as described in the Motions for Stay), and due to counsel for Respondent needing additional time to file a response due to scheduling and personal matters. *See* Filing No. 22.

6

In response, this Court entered an order addressing the Motions for Stay, the Motion for Authorization, and Respondent's motion for additional time to respond (as well as several other motions not relevant to this instant matter), noting that it *appeared* Petitioner was once again challenging the same 2006 sentence in his Petition that he had in his First Federal Habeas. Filing No. 23 at 2–3 (emphasis added). This Court then explained that Petitioner's Motion for Authorization must be denied because if the instant Petition is indeed a second or successive petition, it is the Eighth Circuit, and not this Court, that may allow it to proceed. *Id.* at 4 (emphasis in original). This Court also denied the Motions for Stay explaining that there is "no need to stay the case to allow this Court to decide as to whether the Petition is successive without the benefit of the full record when the parties are better suited to make such arguments." *Id.* at 5. However, the Court granted Respondent an extension, staying the deadline for Respondent's answer or responsive pleading until after the Eighth Circuit's resolution of Petitioner's motion for permission to file a successive habeas petition. *Id.* at 6.

On November 27, 2023, the Eighth Circuit summarily denied Petitioner's motion to file a successive petition in the following single sentence: "The motion for authorization to file a successive habeas application in the district court is denied." Filing No. 33. Upon receipt of the Eighth Circuit's denial, this Court reset the deadlines in the Preliminary Review and Progression Order, giving Respondent through January 16, 2024, to file a motion for summary judgment or state court records in support of his answer. Filing No. 35.

On January 16, 2024, in lieu of a motion for summary judgment or filing of the state court records, Respondent filed the Motion to Dismiss currently before this Court, seeking dismissal of the Petition as second or successive.  Filing No. 36.

**B. Discussion**

Respondent's very brief argument in support of his Motion to Dismiss appears to be that dismissal of Petitioner's 28 U.S.C. § 2254 habeas petition as an unauthorized second or successive habeas petition is appropriate because "Petitioner sought permission from the Eighth Circuit Court of Appeals to file his habeas petition as a second or successive habeas petition and the Eighth Circuit denied him that permission," Filing No. 37 at 2, and as "Petitioner's habeas petition is a 'second or successive' habeas petition because his claims for relief rest on the actual sentences imposed, which would have been known at the time of his original habeas petition," Filing No. 42 at 1.  Petitioner opposes the motion, asserting that his Petition is not second or successive because it addresses what he contends is an unconstitutional enhancement or change to his 2006 sentence which was performed in 2018, after his First Federal Habeas was filed and disposed of.  Filing No. 40.

In evaluating a Petition in the context of a motion to dismiss, the Court examines whether it contains "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007) (overruling the "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45–46 (1957)).  Under *Bell Atlantic*, it is understood that petitioners are obliged to provide the grounds of their entitlement to relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555.  While a petitioner is not required to

provide specific facts in support of their allegations, they must include sufficient factual information to provide the grounds on which his or her claim rests, and to raise a right to relief "above the speculative level." *Id*. Finally, while *Bell Atlantic* may have abrogated the "no set of facts" language, it did not change the requirement that "when ruling on a motion to dismiss, a judge must accept as true all of the factual allegations" pleaded in the operative pleading. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

With this standard in mind, this Court considers Respondent's motion to dismiss and finds it lacking on several fronts. On the most basic level, Respondent's argument that the Eighth Circuit's denial of Petitioner's request for permission to file a second/successive petition somehow equates to a finding that the Petition at issue *is* second or successive is wholly without support. Upon review of the single sentence denial of Petitioner's motion to file a successive petition by the Eighth Circuit, the Eighth Circuit made no finding as to whether the Petition is second or successive, instead simply denying Petitioner's request to proceed with the instant case as second or successive. *See* Filing No. 33. Put another way, the Eighth Circuit's holding can only be interpreted to find that to the extent Petitioner contends the Petition is second or successive, he does not have permission to proceed.

Indeed, Petitioner argues that his Petition is not second or successive because the challenge to his sentence he makes in the Petition arises from facts occurring after his prior Petition was filed, whereas Respondent argues that the challenge Petitioner makes here "would have been known at the time of his original habeas petition," Filing No. 42 at 1. The only issue before this Court, therefore, relates to the timing of the facts at issue as applied to Petitioner's sentence and alleged modification.

9

A petition is clearly "second or successive" within the literal meaning of the statute if it raises claims concerning the same convictions to which Petitioner's prior § 2254 petition was addressed. *Wainwright v. Norris*, 121 F.3d 339, 340 (8th Cir.1997). In some cases, however, a habeas petition challenging the execution of a *sentence* is not deemed to be "second or successive" even though it was filed after a prior habeas petition challenging the validity of the petitioner's conviction or sentence. *Pennington v. Norris*, 257 F.3d 857, 858 (8th Cir. 2001) (emphasis added) (claim that petitioner had been improperly denied parole was not successive); *Crouch v. Norris*, 251 F.3d 720, 723–25 (8th Cir. 2001) (claims stemming from state's refusal to grant parole relating to a previously challenged sentence were not successive). In truth, only where the challenge to the execution of the sentence arose before the filing of the first habeas action, and thus could have been raised at that time, it is a second petition clearly subject to the successive-petition provisions of § 2244(b). *Crouch*, 251 F.3d at 724.

Based on the allegations in the Instant Petition (and as further discussed in Petitioner's Opposition), which this Court must take as true at this stage of the proceedings, it is plausible that the claims alleged in the Petition occurred *after* Petitioner's First Federal Habeas was filed. As such, the motion to dismiss must be denied.

IT IS THEREFORE ORDERED:

1. Petitioner's Motion for Release, Filing No. 43, is denied without prejudice.

2. Defendants' Motion to Dismiss, Filing No. 36, is denied without prejudice.

3. By **October 10, 2024**, Respondent must file a motion for summary judgment or state Court records in support of an answer. If Respondent elects to file an answer, it

shall be filed no later than 30 days after the state court records are filed in accordance with the deadlines set forth in the Court's June 16, 2023, Preliminary Review and Progression Order.

    4.    The Clerk of the Court is directed to set the following pro se case management deadlines:

    a.    **October 10, 2024**: deadline for Respondent to file state court records in support of an answer or motion for summary judgment.

    b.    **November 12, 2024**: check for Respondent's answer and separate brief.

Dated this 26th day of August, 2024.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge